UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CYMANTHA HOLLY,                                    Case No. 12 CV 1826
                Plaintiff,                  (RRM) (RLM)

    -against-                                         **AMENDED COMPLAINT**

                                                     JURY DEMAND

THE CITY OF NEW YORK, P.O. JOSEPH
TORRES [SHIELD # 7967], SERGEANT
MICHAEL REESE [SHIELD # 1468],
SERGEANT RUBENSTEIN, P.O.
LOFREDO [SHIELD # 2241], SERGEANT
MORAN [TAX REG. # 935348], and JOHN
DOE AND JANE DOE # 1-3 (the names
John and Jane Doe being fictitious, as the
true names are presently unknown),
                Defendants.
----------------------------------------------------------------X

Plaintiff, CYMANTHA HOLLY, by her attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, P.O. Joseph Torres [Shield # 7967], Sergeant Michael Reese [Shield # 1468], Sergeant Rubenstein, P.O. Lofredo [Shield # 2241], Sergeant Moran [Tax Reg. # 935348], and John Doe and Jane Doe #1-3 (collectively, "defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1.     This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983 [and § 1985], [and arising under the law and statutes of the City and State of New York].

## JURISDICTION

2.     The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

## THE PARTIES

4. Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

5. At all relevant times, defendants P.O. Joseph Torres [Shield # 7967], Sergeant Michael Reese [Shield # 1468], Sergeant Rubenstein, P.O. Lofredo [Shield # 2241], Sergeant Moran [Tax Reg. # 935348], and John Doe and Jane Doe #1-3 (hereinafter "defendant officers") were, upon information and belief, and still are, agents and/or officers employed by defendant City of New York.

6. At all times herein, the defendant officers were acting under the color of their official capacity, and their acts were/are performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were/are the servants, agents, and employees of their co-defendant, the City of New York, such that their acts are imputed to the City of New York.

7. At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or at the direction of the defendant City of New York.

8. Plaintiff is suing the defendant officers in their individual and official capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. On or about January 25, 2012, at approximately 3:00 p.m., defendant officers, acting in concert, arrested plaintiff without cause at or within the vicinity of 801 Broadway, Brooklyn, New York, and charged plaintiff with PL 160.05 'Robbery in the third degree', among other charges.

2

10. Plaintiff, however, did not commit any robbery and did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

11. That defendant officers assigned to the NYPD-83rd Precinct had earlier declined a directive from the defendant officers assigned to the NYPD-90th Precinct to arrest the plaintiff stating at the time that the plaintiff did not commit any crime or offense.

12. Prior to the arrest, plaintiff was on her way to her infant twins' day care center when defendant officers assigned to the NYPD-90th Precinct ran up to the plaintiff and forcibly grabbed and arrested the plaintiff.

13. At the time of the arrest, and at all relevant times pertaining to the arrest, the plaintiff was located within the confines of the NYPD-83rd Precinct.

14. Following the arrest, plaintiff was ordered by defendant officers to submit herself to an illegal search, with defendant officers pushing, shoving and kicking the plaintiff.

15. Even though defendant officers did not find anything illegal, defendant officers nonetheless tightly handcuffed the plaintiff with her hands placed behind her back.

16. After falsely arresting the innocent plaintiff, defendant officers transported plaintiff to the NYPD-90th Precinct.

17. During the arrest, and while at the precinct, defendant officers subjected plaintiff to an intrusive and illegal bodily search.

18. Eventually, the prosecutors concluded that there was no evidence of any crime or offense committed by the plaintiff.

19. As a result, the prosecutors declined to prosecute the plaintiff.

20. On or about January 26, 2012, after detaining the plaintiff for a lengthy period of time, defendant officers summarily released plaintiff from her unlawful detention.

21. That each and every officer who responded to and/or was present at the location of the arrest knew and was fully aware that plaintiff did not commit

> any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

22. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

23. As a result of the aforesaid actions by defendant officers, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, loss of rights to familial association, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: 42 U.S.C. § 1983

24. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 23 of this complaint as though fully set forth herein.

25. The conduct of defendant officers, as described herein, amounted to false arrest, illegal and unreasonable search and seizure, excessive use of force, abuse of process, abuse of authority, failure to intervene, loss of rights to familial association, fabrication of evidence and violation of due process rights.

26. Such conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

27. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY

28. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 27 of this complaint as though fully set forth herein.

29. Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force,

        interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

30.    Defendant City of New York, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally searching, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in robbery or other illicit activities.

31.    The existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct, as documented in the numerous civil rights actions filed against the City of New York in the state and federal courts, and from a January 2006 statement by Deputy Commissioner Paul J. Browne that police commanders are permitted to set "productivity goals" (i.e., arrest quotas). *See Colon v. City of New York*, 2009 U.S. Dist. LEXIS 110520 (E.D.N.Y. Nov. 25, 2009) (Weinstein, J.). *See also* the following cases filed in this district: *Alisha Brewster v. City of New York*, (11 CV 4874); *Robert Cooper v. City of New York*, (11 CV 4873, 11 CV 452); *Robert Rogers v. City of New York*, (11 CV 4870); *Geneeza Walls v. City of New York*, (10 CV 5769); *Javier Jones v. City of New York* (10 CV 3719); *Euday Bowman v. City of New York* (10 CV 3419); *Edward Ogunmoyin v. City of New York* (10 CV 1060); *John McLean v. City of New York* (10 CV 631).

32.    That the issue of arrest quotas has been recently decided and/or it has been conclusively determined that officers of the New York Police Department are permitted, as a policy and/or practice, to use quotas to make arrests. *See Bryant v. City of New York*, Index No. 22011/07 (Sup. Ct. County of Kings Feb. 18, 2011).

33. That defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

34. The actions of defendants, acting under color of State law, deprived plaintiff of her due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in her person and property, to be free from abuse of process, and the right to due process.

35. By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

THIRD CAUSE OF ACTION: 42 U.S.C. § 1985

36. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 35 of this complaint as though fully set forth herein.

37. In an effort to find fault to use against the plaintiff, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiff of her constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth, Sixth and Fourteenth Amendments to United States Constitution, because of her race, ancestry and/or ethnicity, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

38. In light of the foregoing therefore, defendant officers engaged in a conspiracy designed to deprive plaintiff of her constitutional and federal rights in violation of 42 U.S.C. § 1985.

39. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

FOURTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12

40. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 39 of this complaint as though fully set forth herein.

41. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting her and depriving plaintiff of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

42. In addition, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiff of her constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

43. Defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendant officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of her constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

44. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

FIFTH CAUSE OF ACTION: ASSAULT AND BATTERY

45. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 44 of this complaint as though fully set forth herein.

7

46. The conduct of defendant officers, as described herein, amounted to assault and battery.

47. By reason of and as a consequence of the assault, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, pain and damage, and damage to reputation.

48. Upon information and belief, defendant City of New York had sufficiently specific knowledge or notice of defendant officers' propensity for acts complained of herein and that their acts could reasonably have been anticipated. However, defendant City of New York failed to take any appropriate actions to assure plaintiff's safety and security and failed to protect and/or safeguard plaintiff's interests.

49. That defendant City of New York's failure to assure plaintiff's safety and security was a proximate cause of plaintiff's injuries.

<u>SIXTH CAUSE OF ACTION: NEGLIGENT & INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

50. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 49 of this complaint as though fully set forth herein.

51. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

52. Plaintiff's emotional distress has damaged her personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the detention and imprisonment by defendants.

53. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES

54. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 53 of this complaint as though fully set forth herein.

55. Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

56. Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

57. Upon information and belief, defendant City of New York, knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

58. Upon information and belief, defendant City of New York's negligence in hiring and retaining the defendants proximately caused plaintiff's injuries.

59. Upon information and belief, because of defendant City of New York's negligent hiring and retention of defendant officers, plaintiff incurred and sustained significant and lasting injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

    a. For compensatory damages against all defendants in an amount to be proven at trial;

    b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

    c. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

    d. For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
      September 14, 2012

                  UGO UZOH, P.C.

                  /s/

              _____

        By:    Ugochukwu Uzoh (UU-9076)
                Attorney for the Plaintiff
                304 Livingston Street, Suite 2R
                Brooklyn, NY 11217
                (718) 874-6045

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

CYMANTHA HOLLY,

                                                              Plaintiff,

                          against

THE CITY OF NEW YORK, P.O. JOSEPH TORRES [SHIELD # 7967], SERGEANT MICHAEL REESE [SHIELD # 1468], SERGEANT RUBENSTEIN, P.O. LOFREDO [SHIELD # 2241], SERGEANT MORAN [TAX REG. # 935348], and JOHN DOE AND JANE DOE # 1-3 (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                                              Defendants.

---

**AMENDED SUMMONS & COMPLAINT**
**DEMANDS TRIAL BY JURY**

---

**LAW OFFICES OF UGO UZOH, P.C.**
304 LIVINGSTON STREET, SUITE 2R, BROOKLYN, NY 11217
TELEPHONE: (718) 874-6045; FACSIMILE: (718) 576-2685
EMAIL: u.ugochukwu@yahoo.com

---

To:


Defendant(s)/Attorney(s) For Defendant(s).

---

    Service of a copy of the within is hereby admitted

           Dated:_____

           Attorney(s) For:_____